| UNITED STATES BANKRUPTCY COURT WESTERN DISTRICT OF KENTUCKY AT OWENSBORO | PROOF OF CLAIM WWR# 05014452 | Chapter 7 |
|---|---|---|
| In re (Name of Debtors) Najam and Sameena Azmat | Case Number 05-43506 | This Space is for Court Use Only |

NOTE: This form should not be used to make a claim for administrative expenses after commencement of the case. A "request" of payment may be filed pursuant to 11 U.S.C. § 503.

| Name of Creditor (The entity to whom the Debtors owe money or property) **U.S. BANK, N.A.** Name and Addresses Where Notices Should be Sent P.O. Box 5229 - ML:CN-OH-L2BY Cincinnati, OH 45201 Telephone No. (513) 723-2200 | ( ) Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. ( ) Check box if you have never received any notices from the bankruptcy court in this case. ( ) Check box if the address differs from the address on the envelope sent to you by the court. | |
|---|---|---|
| ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES   510285339 | Check here if this claim ( ) replaces ( ) amends a previously filed claim, dated: | |

1. BASIS FOR CLAIM:
   ( ) Goods sold
   ( ) Services performed
   (x) Money loaned
   ( ) Personal injury/wrongful death
   ( ) Taxes
   ( ) Other (Describe briefly)
   ( ) Retiree benefits as defined in 11 U.S.C. § 1114(a)
   ( ) Wages, salaries, and compensations (fill out below)
   Your social security number_____
   Unpaid compensations for services performed
   from _____ to _____
        (date)                    (date)

| 2. DATE DEBT WAS INCURRED: January 28, 2003 | 3. IF COURT JUDGMENT, DATE OBTAINED: |
|---|---|

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority. (2) Unsecured Priority. (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM.

| (x) SECURED CLAIM $ 24,635.15 Attach evidence of perfection of security interest Brief Description of Collateral: ( ) Real Estate  (X) Motor Vehicle  ( ) Other (Describe) 2003 CHEVROLET SUBURBAN Amount of arrearage and other charges included in secured claim above, if any $_____ ( ) UNSECURED NONPRIORITY CLAIM $ A claim is unsecured if there is no collateral or lien on property of the Debtors securing the claim or to the extent that the value of such property is less than the amount of the claim. | ( ) UNSECURED PRIORITY CLAIM $ Specify the priority of the claim. ( ) Wages, salaries or commissions (up to $_____). Earned not more than 90 days before filing of the bankruptcy petition or cessation of the Debtors' business, whichever is earlier)-11 U.S.C. §507(a)(3) ( ) Contributions to an employee benefit plan-U.S.C. §507(a)(4) ( ) Up to $900 of deposits toward purchase, lease, or rental of property or services for personal, family or household use-11 U.S.C. § 507(a)(6) ( ) Taxes or penalties of governmental units-11 U.S.C. § 507(a)(7) ( ) Other-11 U.S.C. §§ 507(a)(2), (a)(5)-(Describe briefly) |
|---|---|

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED:

   $ (Unsecured)    $ 24,635.15(Secured)    $ (Priority)    $ 24,635.15(Total)
   ( ) Check this box if claim includes prepetition charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

| 6. **CREDITS AND SETOFFS** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to Debtors. 7. **SUPPORTING DOCUMENTS** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary. 8. **TIME-STAMPED COPY** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim. | This space is for Court Use Only |
|---|---|

Weltman, Weinberg & Reis Co., L.P.A.

Date January 24, 2006 Jeannette M. Conrad, (89748) (24581-31)/John L. Day, Jr., (17328) (0003734)

# US Bank

## RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT

No.
Date: 28 JAN 2003

**Seller:** MONTGOMERY CHEVROLET
P.O. BOX 36184
LOUISVILLE, KY 40233
"We" and "us" mean the Seller above, its successors and assigns.

**Buyer:** DR NAJAM AZMAT
780 UNIVERSITY CIRCL
MADISONVILLE, KY 42431
"You" and "your" mean each Buyer above, and guarantor, jointly and individually.

**SALE:** You agree to purchase from us, on a time basis, subject to the terms and conditions of this contract and security agreement (Contract), the Motor Vehicle (Vehicle) and services described below. The Vehicle is sold in its present condition, together with the usual accessories and attachments.

| Description of Motor Vehicle Purchased | Year | 2003 | VIN | 1GNFK16Z33J161917 | Other: |
| --- | --- | --- | --- | --- | --- |
| | Make | CHEV | Lic. No./Year | | 046  570285339 |
| | Model | SUBU | ☐ New ☐ Used | | |

Description of Trade-In: 01 GMC YUKON

**SECURITY:** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessories, attachments, accessories, and equipment placed in or on the Vehicle, together called Property, and proceeds of the Property. Our interest will not extend to consumer goods unless you acquire rights to them within 10 days after we enter into this Contract, or they are installed in or affixed to the Vehicle.

**PROMISE TO PAY AND PAYMENT TERMS:** You promise to pay us the principal amount of $ 43371.98 , plus finance charges accruing on the unpaid balance at the rate of 4.6900 % per year from today's date until maturity. Finance charges accrue on a ACTUAL / 365 day basis. After maturity, or after you default and we demand payment, we will earn finance charges on the unpaid balance at 4.6900 % per year. You agree to pay this Contract according to the payment schedule shown in the TRUTH IN LENDING DISCLOSURES. You also agree to pay any additional amounts according to the terms and conditions of this Contract.  N/A

**DOWN PAYMENT:** You also agree to pay, or apply to the Cash Price, on or before today's date, any cash, rebate and net trade-in value described in the ITEMIZATION OF AMOUNT FINANCED. ☐ You agree to make deferred payments as part of the cash down payment as reflected in your Payment Schedule.

### TRUTH IN LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | AMOUNT FINANCED The amount of credit provided to you or on your behalf. | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments. | TOTAL SALE PRICE The total cost of your purchase on credit, including your down payment of $ 3574.70 |
| --- | --- | --- | --- | --- |
| 4.767% | $ 5636.42 | $ 43886.98 | $ 49523.40 | $ 53098.10 |

**Payment Schedule:** Your payment schedule will be

| Number of Payments | Amount of Payments | When Payments Are Due |
| --- | --- | --- |
| 60 | 825.39 | MONTHLY BEGINNING ON 14 MAR 2003 |

**Security:** You are giving a security interest in the Motor Vehicle purchased.
**Prepayment:** If you pay off this Contract early, you will not have to pay a penalty.
**Contract Provisions:** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date, and prepayment refunds and penalties.

**CREDIT INSURANCE:** Credit life, credit health (accident and health), and any other insurance coverage quoted below, are not required to obtain credit and we will not provide them unless you sign and agree to pay the additional premium. If you want such insurance, we will obtain it for you (if you qualify for coverage). We are quoting below ONLY the coverages you have chosen to purchase.  N/A

Credit Life: Insured _____
☐ Single ☐ Joint  Prem. $ N/A  Term _____
Credit Health: Insured _____
☐ Single  Prem. $ N/A  Term _____

Your signature below means you want (only) the insurance coverage(s) quoted above. If none are quoted, you have declined any coverages we offered.

_____  _____
Buyer        d/o/b    Buyer         d/o/b

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurer or agent reasonably acceptable to us. The collision coverage deductible may not exceed $ 500.00 . If you get insurance from or through us you will pay $ N/A for _____ of coverage.

This premium is calculated as follows:
☐ $ N/A Deductible, Collision Coverage $ N/A
☐ $ N/A Deductible, Comprehensive Cov. $ N/A
☐ Fire-Theft and Combined Additional Coverage $ N/A
☐ _____ $ N/A

**Liability Insurance coverage for personal liability and property damage caused to others is not included in this Contract unless checked and indicated.**

☒ SINGLE-INTEREST INSURANCE: You must purchase single-interest insurance as part of this sale transaction. You may purchase the coverage from a company of your choice, reasonably acceptable to us. If you buy the coverage from or through us, you will pay $ 50.00 for 60 "MONTHS" of coverage.
☐ SERVICE CONTRACT: With your purchase of the Vehicle, you agree to purchase a Service Contract to cover _____
SELLER / PHOENIX
_____ . This Service Contract will be in effect for _____

### ITEMIZATION OF AMOUNT FINANCED

Vehicle Price (incl. sales tax of $ 2527.00 ) $ 47114.18
Service Contract, Paid to: _____ $ N/A
Amount to Finance line e. (if e. is negative) $ 0
Cash Price $ 47114.18

Manufacturer's Rebate  $ 2500.00
Cash Down Payment     $ N/A
Deferred Down Payment $ N/A
a. Total Cash/Rebate Down         $ 2500.00
b. Trade-In Allowance  $ 30950.17
c. Less: Amount owing  $ 29993.47
   Paid to: US BANK
d. Net Trade-In (b. minus c.)     $ 1074.70
e. Net Cash/Trade-In (a. plus d.) $ 3574.70
Down Payment ( ; disclose as $0 if negative) $ 3574.70
Unpaid Balance of Cash Price     $ 43539.48
Paid to Public Officials - Filing Fees  $ 49.00
Insurance Premiums:
To: DOC FEE            $ 60.00
To: N/A                $ 249.60
To: GAP INSURANCE      $ N/A
To: N/A                $ N/A
To: N/A                $ N/A
To: LOAN PROCESSING FEE $ 95.00
Total Other Charges/Amounts Pd. to Others $ 432.60
Less: Prepaid Finance Charges $ 85.00
Amount Financed $ 43886.98
*We may retain or receive a portion of this amount.

### NOTICE TO THE BUYER
(1) DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS ANY BLANK SPACES. (2) YOU ARE ENTITLED TO A COPY OF THE CONTRACT YOU SIGN. (3) UNDER THE LAW, YOU HAVE THE RIGHT TO PAY OFF IN ADVANCE THE FULL AMOUNT DUE AND UNDER CERTAIN CONDITIONS TO OBTAIN A PARTIAL REFUND OF THE FINANCE CHARGE. (4) THIS CONTRACT SHALL BECOME EFFECTIVE ONLY WHEN SIGNED AND EXECUTED BY THE BUYER AND SELLER.

BY SIGNING BELOW BUYER AGREES TO THE TERMS ON PAGES 1 AND 2 OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

Buyer: _[signature]_  Date: 1/31/03
Signature: _____  Date: _____

**ASSIGNMENT:** This Contract and Security Agreement is assigned to U.S. Bank NA, 1850 Osborn Ave., Oshkosh, WI 54902
the Assignee, phone _____ . This assignment is made
☐ under the terms of a separate agreement. ☒ under the terms of the ASSIGNMENT BY SELLER on page 2. ☐ This assignment is made with recourse.
Seller: By _Chris Medley_  Date 1/28/03

Seller: By _Chris Medley_

KENTUCKY RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT
ExBEPA© 1992, 1995 Bankers Systems, Inc., St. Cloud, MN  Form USB-REGIN-KY 11/30/2001  Form # 30597 Rev. 11/01    MOTOR VEHICLE - NOT FOR MANUFACTURED HOMES  (page 1 of 2)

## ADDITIONAL TERMS OF THIS CONTRACT AND SECURITY AGREEMENT

**GENERAL TERMS:** You have been given the opportunity to purchase the Vehicle and described services for the Cash Price or the Total Sale Price. The Total Sale Price is the total price of the Vehicle and any services if you buy them over time. You agreed to purchase the items over time. The Total Sale Price shown in the TRUTH IN LENDING DISCLOSURES assumes that all payments will be made as scheduled. The actual amount you will pay may be more or less depending on your payment record.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee, that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that is contrary to this provision, we will, instead, apply it first to reduce the principal balance, and when the principal has been paid in full, refund it to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract.

This Contract is governed by the laws of Kentucky and the United States.

**NAME AND LOCATION:** Your name and address indicated on page 1 are your exact legal name and your principal residence. You will provide us with at least 30 days notice prior to changing your name and principal residence.

**PREPAYMENT:** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments until you pay in full.

A refund of any prepaid, unearned insurance premiums may be obtained from us or from the insurance company named in your policy or certificate of insurance.

**RETURNED INSTRUMENT:** You agree to pay a fee of $29 for any check or other instrument offered toward payment of this Contract that is returned unpaid.

**OWNERSHIP AND DUTIES TOWARD PROPERTY:** By giving us a security interest in the Property, you represent and agree to the following:

A. You will defend our interests in the Property against claims made by anyone else. You will do whatever is necessary to keep our claim to the Property ahead of the claim of anyone else.
B. The security interest you are giving us in the Property comes ahead of the claim of any other of your general or secured creditors. You agree to sign any additional documents or provide us with any additional information we may require to keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.
C. You will keep the Property in your possession in good condition and repair. You will use the Property for its intended and lawful purposes. Unless otherwise agreed in writing, the Property will be located at your address listed on page 1 of this Contract.
D. You will not attempt to sell the Property (unless it is property identified inventory) or otherwise transfer any rights in the Property to anyone else, without our prior written consent.
E. You will pay all taxes and assessments on the Property as they become due.
F. You will notify us of any loss or damage to the Property. You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**DEFAULT:** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

A. You fail to perform any obligation that you have undertaken in this Contract.
B. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, without limitation, court costs and fees for repossession, repair, storage and sale of the Property securing this Contract. If we refer this Contract to an attorney that is not a salaried employee of ours, this amount includes reasonable attorneys' fees (up to 15% of the amount due and payable under this Contract) to the extent actually paid or agreed to be paid.

If an event of default occurs as to any one of you, we may exercise our remedies against any or all of you.

**REMEDIES:** If you are in default on this Contract, we have all of the remedies provided by law and this Contract:

A. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
B. We may pay taxes, assessments, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
C. We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.
D. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell

the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
E. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that, subject to your right to recover such property, we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above.

**INSURANCE:** You agree to buy property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the PROPERTY INSURANCE section, or as we will otherwise require. You will name us as loss payee on any such policy. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You may purchase or provide this insurance through any agent and any insurance company of your choice which is reasonably acceptable to us. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as a loss payee, we may obtain insurance to protect our interest in the Property. This insurance may include coverages not required of you. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This amount will earn finance charges from the date paid at the post-maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.

**OBLIGATIONS INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

A. You must pay this Contract even if someone else has also signed it.
B. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.
C. We may release any security and you will still be obligated to pay this Contract.
D. If we give up any of our rights, it will not affect your duty to pay this Contract.
E. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**WARRANTY:** Warranty information is provided to you separately.

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or, (3) give notice that we intend to make, or are making, this Contract immediately due.

---

**THIRD PARTY AGREEMENT**

By signing below you agree to give us a security interest in the Property described in the SALE section. You also agree to the terms of this Contract, including the WAIVER section above, except that you will not be liable for the payments it requires. Your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend, change this Contract, or release any party or property without releasing you from this Contract. We may take these steps without notice or demand upon you.

You acknowledge receipt of a completed copy of this Contract.

Signature _____ Date _____

---

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

IF YOU ARE BUYING A USED VEHICLE, THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

## ASSIGNMENT BY SELLER

Seller sells and assigns this Retail Installment Contract and Security Agreement, (Contract), to the Assignee, its successors and assigns, including all its rights, title and interest in this Contract, and any guarantee executed in connection with this Contract. Seller gives Assignee full power, either in its own name or in Seller's name, to take all legal or other actions which Seller could have taken under this Contract. (SEPARATE AGREEMENT: If this Assignment is made "under the terms of a separate agreement" as indicated on page 1, the terms of this assignment are described in a separate writing(s) and not as provided below.)

Seller warrants:
A. This Contract represents a sale by Seller to Buyer on a time price basis and not on a cash basis.
B. The statements contained in this Contract are true and correct.
C. The down payment was made by the Buyer in the manner stated on page 1 of this Contract and, except for the application of any manufacturer's rebate, no part of the down payment was loaned or paid to the Buyer by Seller or Seller's representatives.
D. This sale was completed in accordance with all applicable federal and state laws and regulations.
E. This Contract is valid and enforceable in accordance with its terms.
F. The names and signatures on this Contract are not forged, fictitious or assumed, and are true and correct.
G. This Contract is vested in the Seller free of all liens, is not subject to any claims or defenses of the Buyer, and may be sold or assigned by the Seller.
H. A completely filled-in copy of this Contract was delivered to the Buyer at the time of execution.
I. The Vehicle has been delivered to the Buyer in good condition and has been accepted by Buyer.
J. Seller has or will perfect a security interest in the Property in favor of the Assignee.

If any of these warranties is breached or untrue, Seller will, upon Assignee's demand, purchase this Contract from Assignee. The purchase shall be in cash in the amount of the unpaid balance (including finance charges) plus the costs and expenses of Assignee, including attorneys' fees.

Seller will indemnify Assignee for any loss sustained by it because of judicial set-off or as the result of a recovery made against Assignee as a result of a claim or defense Buyer has against Seller.

Seller waives notice of the acceptance of this Assignment, notice of non-payment or non-performance and notice of any other remedies available to Assignee.

Assignee may, without notice to Seller, and without affecting the liability of Seller under this Assignment, compound or release any rights against, and grant extensions of time for payment to be made, to Buyer and any other person obligated under this Contract.

UNLESS OTHERWISE INDICATED ON PAGE 1, THIS ASSIGNMENT IS WITHOUT RECOURSE.

WITH RECOURSE: If this Assignment is made "with recourse" as indicated on page 1, Assignee takes this Assignment with certain rights of recourse against Seller. Seller agrees that if the Buyer defaults on any obligation of payment or performance under this Contract, Seller will, upon demand, repurchase this Contract for the amount of the unpaid balance, including finance charges, due at that time.

ExSereli © 1992, 1993 Bankers Systems, Inc., St. Cloud, MN Form USB-ASSIGNKY 11/20/2001

(page 2 of 2)

**KENTUCKY TRANSPORTATION CABINET**
Division of Motor Vehicle Licensing
**TITLE LIEN STATEMENT**

TC 96-187E
07/2001

☐ ORIGINAL FILING    ☐ CONTINUATION    ☐ TERMINATION

Original File #: _____    Original File #: _____
Original File Date: _____    Original File Date: _____

1. Debtor(s) (Last Name First) and Address(es)
2. Secured Party and Address

AZMAT, NAJAM
780 UNIVERSITY CIRCLE
MADISONVILLE, KY 42431

US BANK NA
P.O. BOX 3427
OSHKOSH WI 54903

**FILED**
__:20 O'Clock __ M.
FEB 14 2003
HOPKINS COUNTY CLERK

4. This Title Lien Statement covers the following:

| YEAR MODEL | MAKE | VEHICLE IDENTIFICATION NUMBER | ADDITIONAL DESCRIPTION |
|---|---|---|---|
| 2003 | CHEVY SUBURBAN | 1GNFK16Z33J161917 | GRAY |

---

Debtor
AZMAT, NAJAM (DR)
780 UNIVERSITY CIRCLE
MADISONVILLE KY 42431

Date/Time Filed: 2/14/2003 9:30
File No. 332515-00

BB 75904

Description of Collateral
03 CHEV SUBURBAN
1GNFK16Z33J161917
0904509420__

Full Release ____
Partial Release ____
Amendment ____
Continuation ____

**TERMINATION STATEMENT**
The undersigned secured party of record no longer claims a security interest under the financing statement or security agreement referred to herein.

Dated this ____ day of _____

Signed: _____
(if individual)

Secured Party
US BANK NA
PO BOX 3427
OSHKOSH WI 54903

5702 85539

_____
(if corporation)

by: _____
(authorized agent)

BRYAN STECKLER, HOPKINS COUNTY CLERK  10 S MAIN  MADISONVILLE KY 42431