UNITED STATES BANKRUPTCY COURT
IN THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NAJAM AZMAT | ) | CASE NO. 05-43506 |
| SAMEENA AZMAT | ) | |
| | ) | CHAPTER 7 |
| DEBTORS | ) | |
| _____ | ) | |

**<u>MOTION FOR RELIEF FROM THE AUTOMATIC STAY OF 11 U.S.C. §362
AND ABANDONMENT OF PROPERTY</u>**

COMES NOW JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A., successor by merger to Bank One, Kentucky, N.A. ("Chase"), creditor herein, by counsel, and moves this Court to terminate the automatic stay imposed by 11 U.S.C §362 with respect to the real property described herein, and to abandon the same pursuant to 11 U.S.C. §554 and as basis therefor respectfully states as follows:

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §157 (a) and 11 U.S.C. §362. This matter is a core proceeding under 28 U.S.C. §157 (b) (2).

2. Najam Azmat and Sameena Azmat (the "Debtors") filed a petition seeking relief under Chapter 7 of the U.S. Bankruptcy Code in this Court on October 16, 2005. The Trustee in this case is Russ Wilkey.

3. On or about December 17, 1998, Najam Azmat ("Azmat"), for value received, executed and delivered to Chase a Promissory Note ("Note One") evidencing a revolving line of credit up to the maximum principal amount of $50,000.00, wherein Azmat agreed to repay all advances thereon together with interest on the unpaid principal balance computed at the variable rate of "prime"

plus one percent (1%) per annum.

    4.    On or about February 16, 1999, Azmat for value received, executed and delivered to Chase a second Promissory Note ("Note Two") evidencing a revolving line of credit up to the maximum principal amount of $100,000.00, wherein Azmat agreed to repay all advances thereon together with interest on the unpaid principal balance computed at the variable rate of "prime" plus one percent (1%) per annum. Note Two was given in replacement, renewal and/or extension of (but not novation of) Note One.

    5.    On or about January 10, 2005, Azmat executed and delivered to Chase a third Promissory Note evidencing a term loan with Chase in the original principal amount of $98,368.31 ("Note Three") to be repaid, together with interest on all outstanding principal at the variable rate of "prime" plus two percent (2%) per annum in eight (8) monthly installments of $1,336.17 and one last payment in an amount sufficient to pay Note Three in full. Note Three was given in replacement, renewal and/or extension of (but not novation of) Note Two.

    6.    On or about October 12, 2004, Azmat executed and delivered to Chase a fourth Promissory Note evidencing a term loan with Chase in the original principal amount of $120,993.00 ("Note Four") to be repaid, together with interest on all outstanding principal at the rate of 6.55% per annum in thirty-four (34) monthly installments of $1,063.61, followed by one installment in the amount of all unpaid principal and accrued interest.

    7.    Simultaneously with the execution and delivery of Note Four, and to secure the prompt repayment of Note Three and Note Four, Azmat and Sameena Azmat, his spouse, executed, acknowledged, and delivered to Chase a real estate mortgage (the "Mortgage") in which they pledged a mortgage lien on the following described property (the "Property"), together with all improvements

located thereon situated in Hardin County, Kentucky, and more commonly referred to as 517 Savannah Drive, Elizabethtown, Kentucky 42701, to wit:

> **BEING LOT NO. THREE (3), SECTION 4 OF HELMWOOD ESTATES AS PER PLAT OF SAME RECORDED IN PLAT SHEET 279B, IN THE HARDIN COUNTY CLERK'S OFFICE.**
>
> **BEING THE SAME CONVEYED TO NAJAM AZMAT AND SAMEENA AZMAT, HUSBAND AND WIFE, BY DEED FROM KB PROPERTIES, LLC, A KENTUCKY LIMITED LIABILITY COMPANY, DATED OCTOBER 12, 2004, RECORDED IN DEED BOOK 1131, PAGE 519, IN THE OFFICE OF THE CLERK OF THE COUNTY COURT OF HARDIN COUNTY, KENTUCKY.**

The Mortgage was recorded on November 9, 2004, in Mortgage Book 1420, Page 558, in the Office of the County Clerk of Hardin County, Kentucky. A true and correct copy of Note One, Note Two, Note Three, Note Four and Mortgage are annexed to Chase's Proofs of Claim filed herewith and made a part thereof marked as Exhibits thereto.

8. As of the date of the filing of his petition, the Debtor was indebted to Chase on Note Three in the amount of $102,964.94. As of the date of the filing of his petition, the Debtor was indebted to Chase on Note Four in the amount of $121,800.27. The Debtors' Schedules reflect a value of only $159,000.00 for the Property.

9. The Debtors are not entitled to an exemption on the Property.

10. Chase is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2) in that there is no equity in the property and the property is not necessary for an effective reorganization.

11. Chase is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) for cause, including lack of adequate protection, because the Debtors remain in possession of the Collateral and Property without making any payments to Chase.

12. Chase further requests that the Collateral and Property be abandoned from the estate purchase to 11 U.S.C. §554, B.R. 6007(b) and Local Rule 9.2.

13. Chase further requests that the Court order that the stay under Bankruptcy Rule 4001(a)(1) be waived pursuant to Rule 4001(a)(3) because the Debtors have not made a payment on the obligations secured by the Mortgage since May, 2005.

## VALIDATION NOTICE

Pursuant to 15 U.S.C. Section 1692g(a), take notice that:

1. The amount of the debt is $224,765.21.

2. The name of the creditor to whom the debt is owed is JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A., successor by merger to Bank One, Kentucky, N.A.

3. Unless you dispute the validity of the above debt, or any portion thereof, within 30 days of your receipt of this Notice, the debt will be assumed to be valid.

4. If you notify our office in writing within 30 days of your receipt of this Notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. Such verification or copy of judgment will be mail to you.

5. Upon your written request within 30 days of the receipt of this Notice, we will provide you with the name and address of the original creditor, if different from the creditor listed in paragraph (2) above.

6. This is an attempt to collect a debt and any information obtained will be used for that purpose.

WHEREFORE, Chase respectfully requests a determination by this Court that the Automatic Stay be terminated with respect to the Collateral and Property pursuant to 11 U.S.C. §362, that the Collateral and Property be abandoned pursuant to 11 U.S.C. §554 and for all other just and equitable relief.

RESPECTFULLY SUBMITTED

/s/ Anthony Raluy
Anthony Raluy
Foley Bryant & Holloway
500 West Jefferson Street, Suite 2450
Louisville, Kentucky  40202
(502) 569-7550

## NOTICE

**Any objections to this Motion must be filed within 15 days from the date this Motion was filed.  Should no objection be received, an Order approving this Motion for Relief from the Automatic Stay may be entered.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served by mail (either electronically or by US mail, postage prepaid) this 17th day of February, 2006 to the following:

Alan C. Stout
Stout Law Office
111 W. Bellville
P.O. Box 81
Marion, Kentucky 42064

Russ Wilkey
121 West Second Street
Owensboro, Kentucky 42303

Najam Azmat

Sameena Azmat
780 University Circle
Madisonville, Kentucky 42431

/s/ Anthony Raluy_____
Anthony Raluy